# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 20-10577
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRADLEY C. STARK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-258-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

A jury convicted Bradley C. Stark on seven counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of securities fraud, in violation of 15 U.S.C. § 77q(a) and 77x. The district court sentenced him to, *inter alia*,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10577

276-months' imprisonment: concurrent 240-month terms on the wire-fraud counts; a consecutive 36-month term on the securities-fraud count.

Proceeding *pro se*, Stark, federal prisoner # 69122-053, challenges the denial of his motion for: a sentence reduction; or compassionate release. Regarding a sentence reduction, he claims: Amendment 792 to the Sentencing Guidelines amended, *inter alia*, the "sophisticated means" enhancement under Guideline § 2B1.1. As for compassionate release, he maintains: he is vulnerable to the COVID-19 virus due to his obesity, hyperlipidemia, and family history of heart disease, high blood pressure, and stroke. Each claim fails.

For the sentence-reduction claim, a court, under 18 U.S.C. § 3582(c)(2), may reduce an imposed term of imprisonment based on a Guideline Amendment's lowering a Guideline sentencing range. Stark acknowledges Amendment 792 was not listed in Guideline § 1B1.10(d) and, therefore, does not apply retroactively to his Guidelines sentencing range.

Concerning the compassionate-release claim, the denial of a prisoner's motion for such release is reviewed for abuse of discretion. *United States v. Rivas*, No. 20-10360, 2020 WL 6437288, at *2 (5th Cir. 2 Nov. 2020). Defendant's term of imprisonment may be reduced by a court if, *inter alia*, "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i). The district court concluded there were no such reasons for Stark's sentence reduction because: his medical conditions did not present a unique circumstance; and he was not at a heightened risk of exposure to the virus. There was no abuse of discretion.

AFFIRMED.